**LATTA TRUCK LINES, Inc., v. HARGUS et al.**

No. 663.

District Court, W. D. Missouri, Central Division.

June 15, 1937.

D. D. McDonald, of Jefferson City, Mo., for plaintiff.

James L. Hornbostel and J. E. Taylor, Asst. Attys. Gen., and James P. Boyd, Chief Counsel, Public Service Commission, and D. C. Rogers, Asst. Counsel, Public Service Commission, both of Jefferson City, Mo., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and COLLET, District Judges.

PER CURIAM.

By this action the plaintiff, Latta Truck Lines (a corporation), seeks to enjoin the Missouri Public Service Commission and other state agencies from interfering with its business alleged to be that of a motor vehicle contract carrier. Our jurisdiction is invoked upon the theory that the situa-

tion as set forth in the petition, which will be presently outlined, constitutes a violation of the commerce clause of the Federal Constitution, U.S.C.A.Const. art. 1, § 8, cl. 3. Upon the filing of the petition a temporary restraining order was granted, this court was convened, and the application for a temporary or interlocutory injunction heard.

The statute authorizing the formation of a court composed of three-judges provides that "no interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State, shall be issued or granted" unless the same shall be heard by three judges, etc. Jud.Code § 266, 28 U.S.C.A. § 380. The jurisdiction of this court, organized as therein provided is necessarily limited. Interference with interstate commerce, unless effected by some statute or administrative order does not fall within these provisions, and a prayer for its redress must more properly be addressed to the general equity powers of the courts. In this view we have had some misgivings as to our jurisdiction under the presentation made at the hearing. The controversy urged by plaintiff seems to involve a conflict between federal and state power over the qualifications of interstate contract carriers. The Public Service Commission appears merely to have refused to accept the filing of certain alleged contracts tendered by plaintiff upon the ground that they are not deemed to constitute contract carriage as distinguished from that of a common carrier. The Interstate Commerce Commission has permitted the contracts to be filed, and has allowed plaintiff to operate as a contract carrier, under the so-called "Grandfather" provision of the Act, but it has not specifically passed upon the legality of those contracts and, consequently, no conflict of authority has yet arisen. However, plaintiff insists upon a prior order of the Public Service Commission, which appears to have announced a policy of restricting the number of contracts which a contract carrier may have in force at one and the same time, as a burden upon and interference with interstate commerce, and in conflict with the

power and authority of the Interstate Commerce Commission under the Federal Act. At the hearing the Commission does not base its refusal to issue permits upon that order. However, in view of this contention, we have retained jurisdiction until further advised and will now determine only the propriety of the issuance of a temporary injunction.

Plaintiff is now and was prior to the passage of the Act of Congress known as the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., authorized by the Public Service Commission of Missouri to engage in the transportation of property for hire in interstate commerce. A permit to that effect was issued to it by the Missouri Commission February 17, 1934, pursuant to the provisions of the Missouri statute. Laws Mo.1931, p. 304, Mo.St.Ann. § 5264 et seq., p. 6679 et seq. By the provisions of the Missouri Law, an interstate "contract hauler", as this carrier is there described, is required to obtain a permit from the Missouri Commission. Section 5271, Laws Mo.1931, p. 310, Mo.St.Ann. § 5271, p. 6687. The Commission is authorized by statute to prescribe by rule the manner in which contract haulers shall apply for such permits (subsection (c), § 5271, supra). By rule of that Commission it is provided: " * * * the application (for interstate contract hauler permit) shall be accompanied by. * * * (h) Copy of existing contracts which are relied upon by applicant as justification for granting of permit."

Several contracts were filed by plaintiff and operations were engaged in by it under authority of the permit and pursuant to the contracts until, on October 10, 1935, the Commission issued an order directed to plaintiff calling for an investigation in the nature of a hearing, for the purpose of determining "whether or not the above named carrier (plaintiff) is in all respects a Contract Hauler." That hearing resulted in a finding by the Commission to the effect that the number of plaintiff's contracts were excessive, that before continuation of its business as a "contract hauler" it should reduce the number of its contracts to not exceeding four, and that the volume, nature and character of plaintiff's business indicated that plaintiff was actually conducting the business of a common carrier rather than that of a private carrier and that it was doing so "under the guise of a contract hauler's permit to avoid the

payment of fees to which a common carrier is subjected," but which a contract hauler was not required to pay. Plaintiff was ordered to appear and show cause why its permit should not be revoked. At the time set for that hearing plaintiff appeared and withdrew all of the contracts it then had on file, except one, whereupon the Commission, on January 7, 1936, discontinued the investigation and dismissed the order to show cause.

In the meantime the Motor Carrier Act of 1935 had become effective. That Act defined a "contract carrier" in terms practically synonymous with the definition of a "contract hauler" under the Missouri statute.

Pursuant to the provisions of Sec. 209 (a) of the Motor Carrier Act of 1935, 49 U.S.C.A. § 309(a), plaintiff filed an application with the Interstate Commerce Commission for a permit under that Act. By the mere filing of the application within the time prescribed by the Act plaintiff was entitled to continue operation as a "contract carrier" under the federal act until a hearing could be held on the application and it should be otherwise ordered by the Interstate Commerce Commission. The contracts criticized by the Missouri Commission were filed with this application. It appears from statements of counsel, made during the oral arguments in this court, that some 80,000 applications for certificates and permits under the latter act are pending before the Interstate Commerce Commission, substantially all of which applications must yet be heard. Counsel assert that it will necessarily be many months, possibly several years, before these applications can be heard and acted upon. There is no suggestion that plaintiff's application occupies an advantageous position on the Commission's docket.

Under these circumstances plaintiff again presented the questioned contracts to the Missouri Commission. Without formal order of that Commission the contracts were not permitted to be filed. Plaintiff then proceeded to operate under the rejected contracts. An arrest followed. Continued arrests for similar operations are alleged to be threatened and imminent. Temporary and permanent restraint to prevent interference with plaintiff's operations under these contracts is sought upon the theory heretofore stated relating to the number of contracts, and for the further reason that by the Motor Carrier Act of 1935, exclusive authority is vested in the Interstate Commerce Commission to determine plaintiff's status; that, by the filing of plaintiff's application and the contracts with the latter Commission, plaintiff's status is fixed and must be recognized without question by the Missouri Commission; that the exercise of any authority by the Missouri Commission to determine whether plaintiff is actually a bona fide contract carrier is an unwarranted interference with, and constitutes a burden on, interstate commerce.

Since there has been no actual adjudication of plaintiff's status by the Interstate Commerce Commission, and since it appears that a long period of time may elapse before that body may have an opportunity to act in that regard, to now restrain the defendants from preventing that which the Missouri Commission has characterized as a pretext for the purpose of avoiding the payment of charges incident to the use of the public highways, would result in neither the local commission, because of lack of authority, or the federal commission, because of lack of opportunity, being able to cope with the situation. The legislative intention to regulate motor vehicle transportation for hire over the highways of the state and nation is indubitably evidenced by existing State and Congressional legislation. The question of what tribunal shall perform that service in cases such as the one now presented will be determined in due time, but, regardless of where that duty lies, the issuance of a temporary injunction directed to the defendants pending the hearing of this cause on its merits could not fail to result in a comparatively total absence of any regulation pending the latter event. Our discretionary powers should not be exercised in such a manner as to bring about that result. 32 C.J. §§ 64, 65, 66, pp. 77-81.

The temporary restraining order, heretofore issued, is dissolved and the application for a temporary injunction is denied.